UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                    PLAINTIFF


v.                                         CRIMINAL ACTION NO. 3:13-CR-00096-CRS


DORRIS TRICE III                                               DEFENDANT


## MEMORANDUM OPINION AND ORDER

Defendant Dorris Trice III moved this Court, under 28 U.S.C. § 2255, to vacate, set aside,

or correct his sentence. In his motion, Trice raised issues regarding the retroactivity of *Johnson v.*

*United States*, which found a district court's imposition of an enhanced sentence under the

Armed Career Criminal Act's ("ACCA") "residual clause" violates due process because it is too

vague to provide appropriate notice. 135 U.S. 122 (2009); *see also* 18 U.S.C. § 924(e)(1). The

Court referred this to the Magistrate Judge who issued Findings of Fact, Conclusions of Law,

and a recommendation that the Court deny Trice's motion and deny his certificate of

appealability.

Trice now objects to the Magistrate Judge's recommendation on grounds not asserted in

his Section 2255 motion. Trice improperly introduces new arguments in his objection to the

Magistrate Judge's recommendation. Regardless, Trice's new arguments are meritless.

In response to the Magistrate Judge's conclusion of law that Trice's conviction did not

involve the ACCA's residual clause, Trice argued that the Magistrate Judge failed to consider if

the relevant burglary statutes that the Court convicted him under were divisible. If the Magistrate

Judge considered this, according to Trice, he would have concluded that the underlying burglary felonies were not violent offenses under the ACCA.

When the Court determines whether a conviction constitutes a violent offense under the ACCA, the Court uses the "categorical approach." *United States v. Ozier*, 796 F.3d 597, 599 – 600 (6th Cir. 2015) (quoting *United States v. Prater*, 766 F.3d 501, 509 (6th Cir. 2014)). This approach "compare[s] the elements of the statute forming the basis of the defendant's conviction with the elements of the 'generic' crime—i.e., the offense as commonly understood. The prior conviction qualifies as a[ ] ... predicate [offense] only if the statute's elements are the same as, or narrower than, those of the generic offense." *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013); *see also Ozier*, 796 F.3d at 599 – 600.

There are, however, instances where the statute of conviction "sets out one or more elements of the offense in the alternative," that is, "at least one, but not all of those alternative elements ... depart from ... the elements of the generic ... crime." *Ozier*, 796 F.3d at 600 (quoting *United States v. Mitchell*, 743 F.3d 1054, 1065 (6th Cir. 2014)) (citations and quotations omitted). In this scenario, the statute is considered "divisible," and the sentencing Court may apply a "modified categorical approach by consult[ing] a limited class of documents ... to determine which alternative formed the basis of the defendant's prior conviction." *Ozier*, 796 F.3d at 600 (quoting *Descamps*, 133 S.Ct. at 2281) (quotations omitted).

The generic definition of burglary of a dwelling includes "intrusion on a place of habitation." *Ozier*, 796 F.3d at 600 (quoting *United States v. McFalls*, 592 F.3d 707 (6th Cir. 2010)). Under Kentucky law, "A person is guilty of burglary in the second degree when, with the intent to commit a crime, he knowingly enters or remains unlawfully in a dwelling." KRS

§ 511.030(1). A building is defined as "any structure, vehicle, watercraft or aircraft: (a) Where any person lives; or (b) Where people assemble for purposes of business, government, education, religion, entertainment or public transportation." KRS § 511.010(1). A dwelling is defined as "a building which is usually occupied by a person lodging therein." KRS § 511.010(2).

Trice argues that Kentucky's definition of dwelling does not comport with the generic definition as it includes the commonly understanding of "building" as well as vehicles, watercraft, and aircraft. Assuming the statute is divisible, the Court may apply the unimaginatively coined "modified categorical approach." *Descamps v. United States*, 133 S. Ct. at 2281. Under this approach,

> If one alternative (say, a building) matches an element in the generic offense, but the other (say, an automobile) does not, the modified categorical approach permits sentencing courts to consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction.

*Id.* Here, the presentence report confirms and Trice does not contest that the burglary convictions were based on the burglary of what is commonly understood to be a building that was used as a dwelling as defined in a generic definition of burglary. *See* Presentence Investigative Report 8 – 9, ECF No. 23. As burglary is an enumerated offense under the ACCA, 18 U.S.C. § 924, Trice's previous convictions for burglary in the second degree as described above constitute violent offenses under the ACCA.

Furthermore, Trice argues that because a court sentenced him simultaneously for the three prior burglary offenses, they should be counted as a single offense under the ACCA. This is incorrect. A Court may consider offenses as separate for ACCA purposes if the defendant committed the offenses on different occasions. *See United States v. Barbour*, 750 F.3d 535, 539

3

(6th Cir. 2014). Trice's three convictions for second degree burglary stem from three separate incidents on different dates. *See* Presentence Investigative Report 8 – 9.

The Court concludes that the Magistrate Judge is correct in his recommendation.

The Court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that Defendant Dorris Trice III's motion to vacate (DN 35) pursuant to 28 U.S.C. § 2255 is **DENIED** in this case and is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Defendant is **DENIED** a certificate of appealability on all grounds.

This is a final and appealable order.

March 7, 2016

**Charles R. Simpson III, Senior Judge**
**United States District Court**

4